MANDEVILLE (WELCH v.). See Cases Nos. 17,370 and 17,371.

MANDEVILLE (WILSON v.). See Cases Nos. 17,820 and 17,821.

MANDEVILLE (YOUNG v.). See Case No. 18,161.

---

## Case No. 9,018.

### M. & M. NATIONAL BANK OF PITTSBURGH v. BRADY'S BEND IRON CO.

[5 N. B. R. 491; [1] 19 Pittsb. Leg. J. 5; 3 Chi. Leg. News, 402; 28 Leg. Int. 317; 4 Am. Law T. 168; 8 Phila. 171; 3 Pittsb. Rep. 326; 1 Leg. Op. 202; 1 Am. Law T. Rep. Bankr. 272.]

District Court, W. D. Pennsylvania. 1871.

BANKRUPTCY — PROVISIONAL ASSIGNEE — BENEFIT TO CREDITORS—REMOVAL OF GOODS—FRAUD.

1. A provisional assignee should not be appointed unless the court is satisfied that it is necessary for the protection of the property, and that it will enure to the benefit of all the creditors.

[Cited in Re Carrier, 47 Fed. 441.]

2. The removal of a debtor's goods in fulfillment of an existing contract made long before the commencement of bankruptcy proceedings, is not fraudulent within the meaning of the bankrupt act [of 1867 (14 Stat. 517)], and not sufficient grounds for the appointment of a provisional assignee.

In bankruptcy.

C. B. M. Smith, Mr. Veech, and David Watson, for creditors.

Mr. Golden, for respondents.

McCANDLESS, District Judge. The M. & M. National Bank of Pittsburgh present their petition to this court, praying that the Brady's Bend Iron Co. may be declared bankrupts. To this an answer has been filed denying the acts of bankruptcy charged, and demanding a trial by jury, which has been ordered. They also allege that the company is removing its goods and chattels, the produce of its works, from its place of business at Brady's Bend; that such disposition of its property is fraudulent, and intended to defeat the provisions of the bankrupt law; and they pray the court to issue their warrant to the marshal, commanding him to take possession, provisionally, of all the property of the company. To this a sworn denial has been filed, and assigning grave reasons why the prayer of the petition should not be granted.

The exercise of this power—appointing a provisional assignee—is one of great delicacy, and should not be called into action unless the court is satisfied that it is necessary for

the protection of the property, and that it will enure to the benefit of the creditors. It is discretionary, but it is a legal discretion, to be used with the best lights before us. We must be satisfied that the disposition of the property is fraudulent, with the design to remove the same to the prejudice of the general creditors, and to defeat the provisions of the bankrupt law. It is not charged, in the adversary petition, that the stoppage of payment of the commercial paper was fraudulent; but in the application for the appointment of a provisional assignee, the removal of the railroad iron, in fulfillment of a contract long since made, is declared to be so. Fraudulently means knowingly and without just excuse, as applicable to the paper itself. If a man or a corporation declines to pay, because he is not liable to pay, or because he has a valid claim against the paper, or a set off, that is not a stoppage or suspension within the bankrupt law. In re Sutherland [Case No. 13,639]; Bump, 500.

Take the case of a forgery. An honest defence to the particular paper unpaid would take the case out of the statute. If this be so, how can the removal of the goods of the debtor in the performance of an existing contract be deemed fraudulent. It is but the exercise of the legitimate functions of the corporation in carrying on their business, and for all the goods shipped they receive an equivalent in bills of exchange or money, which is for the benefit of all the creditors. To appoint a provisional assignee, pending the issue to be tried by a jury, would be to arrest the operation of the machinery, stop these extensive and valuable works, and throw hundreds of workmen out of employment. For we cannot order the marshal to do more than to take possession of and guard the property of the corporation until the trial by jury is had, or until the further order of the court. This would be ruinous to both debtor and creditor, and would impair the security which the latter has for the payment of his debt.

It is proper to add, that since the argument I have conferred with my Brother McKENNAN, and we concur in the principles upon which this case should be decided.

The rule is discharged, and the appointment of a provisional assignee is refused.