ROSEDALE, The (GARDNER v.). See Case No. 5,235.

———

## Case No. 12,053.

### ROSENBAUM v. GARNETT.

[3 Hughes, 662;[1] 19 N. B. R. 370.]

Circuit Court, E. D. Virginia. Oct. 31, 1879.

BANKRUPTCY — FORTHCOMING BOND — EFFECTS BROUGHT INTO COURT.

The bankrupt court has summary jurisdiction over all contracts made with itself respecting the bankrupt's property; and where, on the release of goods under seizure, bond is given for their forthcoming or their value, the district court may, on petition or motion upon notice, order the goods or the value thereof to be brought into court by parties to the bond.

[Followed in Re Mayo, Case No. 9,353a.]

[This was a proceeding by M. Rosenbaum against E. M. Garnett, assignee in bankruptcy of Engel & Son.]

Petition invoking supervisory power of the circuit court from decree of district court in bankruptcy. See Storrs v. Engel [Case No. 13,494]. The facts are shown in the report of the same case (Storrs v. Engel, supra), and in the opinion of the circuit judge, which was as follows:

BOND, Circuit Judge. It appears that in this case the district court ordered the marshal, on the 17th of June, 1870, to seize the goods of the bankrupt which were alleged to be in the possession of one Lisberg. In obedience to this order the marshal took possession of the bankrupt's effects, including such as were alleged to be in the hands of Lisberger. After this seizure Lisberger, upon his petition, had the property so seized restored to him by the district court, which court required him to give a bond conditioned for the production of this property or the value of it, to abide the future order of the court. Afterwards a bill in equity was filed, alleging the fraudulent assignment of these same goods by the bankrupt to Lisberger, to which bill Lisberger was a party, and that suit determined the value of the property in question, and that it was not the property of Lisberger, but was the property of the bankrupt. This case having gone first to the circuit court (see Lisberger v. Garnett [Case No. 8,383]), and then

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

to the supreme court on appeal, was affirmed by the circuit court, and was dismissed by the supreme court for the want of prosecution. Supersedeas bonds were given upon the appeals.

It being now determined that the property for which the bond was given to the district court by Lisberger, in order that what was then in that court's possession might be placed in his, was not Lisberger's but the bankrupt's, the district court passed an order requiring the parties to this bond to bring into court the ascertained value of the goods which were released to Lisberger when it was given. From this order of the district court, the sureties, or one of them, Rosenbaum, appeals to the supervisory jurisdiction of this court, with what justice we cannot see.

There was no time after the filing of the bond in question till now, that the district court could not, if it feared the safety of goods, have, by its order, required the parties to that bond to bring the released property or its value into court. Lisberger and his sureties on the bond stood in the same relation to the court when put in possession of the property that the marshal did, and it would not be contended that where a marshal was in possession of property by order of the court, the plaintiffs claiming it must sue his bond before they could get them. This bond was given in a bankrupt case, where the court is authorized by summary proceedings to collect the assets of the bankrupt. It is found now, that those assets are in the hands of the parties to this bond, and the court may proceed against them precisely as if they had them actually in hand; and, if the value of them is ascertained in a suit in which the principal was a party, and the goods themselves are consumed as is the case here, the court may require the payment of the ascertained value. The fact that Lisberger gave a supersedeas bond in the suit brought to determine the value and title to the goods, no more releases the obligors in this bond to the court than it would release the sureties on the marshal's bond had he remained in possession or surrendered the goods to Lisberger without the order of the court. The bankrupt court has summary jurisdiction over all contracts made with itself respecting the bankrupt's property. We have heard this petition as one made to the supervisory jurisdiction of the circuit court, being of opinion that no appeal lies from the order of the district court requiring the petitioner to produce in court the value of the goods placed by it in the hands of Lisberger upon his responsibility. It is not a "case in equity," nor "a suit at law," nor "an order rejecting the claim wholly or partially of a creditor," nor "an order allowing such a claim," mentioned in the section of the bankruptcy law granting appeals.

We shall dismiss the petition with costs, and direct the district court to proceed as it may be advised.