The plaintiff is entitled to judgment in his favor.

CHARLES P. DALY, CH. J., and BEACH, J., concurred.

Judgment for plaintiff.

---

MEYER SONNEBORN, Appellant, *against* WILLIAM LIBBEY *et al.*, Respondents.

(Decided June 30th, 1884.)

In proceedings in bankruptcy in a District Court of the United States, after a provisional warrant against the estate of the alleged bankrupt had been issued and executed, an order was made requiring the petitioning creditors to give à bond to indemnify the alleged bankrupt for any damages he might sustain by such warrant should the proceedings be dismissed. *Held,* that the order and a bond given pursuant to it were void; the authority of the court in bankruptcy being purely statutory, and such order not being expressly authorized by statute, and not being within the limit of judicial discretion which imports consideration.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

The complaint alleges that prior to the month of August, 1873, the plaintiff was engaged in business as a merchant in the State of Alabama, and that the defendants, on August 15th, 1873, filed a petition in bankruptcy in the United States District Court of that state against him, praying that he be adjudicated a bankrupt; that a provisional warrant in bankruptcy against the estate of the plaintiff was issued August 16th, 1873, under which his property was attached. Subsequently, on August 21st, 1873, an order of said court was made requiring the defendants to file the bond in dispute

in the sum of $5,000, to indemnify the plaintiff for any dam-ges which he might sustain on account of said provisional warrant, if he should be proved not to be a bankrupt and the proceedings against him by the petitioning creditors should be dismissed.

A suit had been previously brought in a circuit court in Alabama by the defendants against the plaintiff, which was ultimately decided in his favor. The parties litigant there-upon agreed upon a statement of facts reciting the trial and judgment in the state court, and submitted the same to the judge of the court in bankruptcy, upon the question whether or not the judgment of this state court was conclusive, and the judge, on September 5th, 1874, ordered that "judg-ment go for the defendant." Thereupon the goods of the alleged bankrupt were restored to him, and he sued to recover the penalty named in the bond as indemnity for damages sustained.

After the plaintiff rested his case the counsel for the defendants moved to dismiss the complaint on the following grounds:

1st. That the bond in question was void, as the court had no authority to order it, and that there was no consideration to support it.

2d. That if it were valid, its condition was never per-formed and the liability of the defendants has never at-tached.

The complaint was dismissed, and from the judgment thus entered the plaintiff appealed.

*M. W. Divine*, for appellant.—The bond was valid, and executed and delivered upon a good and sufficient consider-ation. Under sections 39 and 40 of the bankrupt law, as it was in August, 1873, the issuing and continuance in force of the injunction and of the provisional warrant were not matters of right of the petitioning creditor, but rested wholly in the discretion of the district judge. The court, on hearing the bankrupt, might at any time in its discretion make a further order vacating the provisional warrant or

Sonneborn *v.* Libbey.

permitting it to remain in force on such terms as to security &c. as would protect all parties to the proceeding (Bump on Bankruptcy 9th ed. 42, 43; *Re·Muller*, 1 Deady 513; *M. & M. Nat. Bank of Pittsburg* v. *Brady's Bend Iron Co.*, 12 *Nat. Bankr. Reg.* 491; *Re Holland*, 12 *Nat. Bankr. Reg.* 403; *Rosenbaum* v. *Garrett*, 3 Hughes 662; *Re Ellinger*, 18 *Nat. Bankr. Reg.* 222; *Re Wallace*, 1 Deady 433).

It was not essential to the validity of the bond that it should be expressly authorized by the bankrupt law. It is well settled in this and in the other states of the union, especially in the state of Alabama, that where a bond is given voluntarily, if it does not contravene public policy, nor violate any statute, it is valid and binding on the parties to it (*Munter* v. *Reese*, 61 Ala. 295; *Wolffe* v. *McClure*, 19 Ala. 564; *Barnes* v. *Webster*, 16 Mo. 265; *Classen* v. *Shaw*, 5 Watts 468; *Archer* v. *Hart*, 5 Fla. 234; *Winthrop* v. *Dockendroff*, 3 Me. 156; *Park* v. *State*, 4 Ga. 329; *Barker* v. *Bartol*, 7 Cal. 551; *State* v. *Cannon*, 34 Iowa 352; *Greathouse* v. *Dunlap*, 3 McLean 303; *Rowlet* v. *Eubank*, 1 Bush 477). This rule has been repeatedly applied in cases where, a statute having provided for the giving of a bond in a particular manner, the bond actually given did not comply with the statutory requirements; in such cases the bond has been held to be a good common law bond and to be enforceable. Thus a bond derives no force from the statute (*Holbrook* v. *Klenert*, 113 Mass. 268; *Baker* v. *Haley*, 5 Me. 240).

There was such a breach of the condition of the bond as entitled plaintiff to recover. The rule is well settled that to entitle a plaintiff to maintain his action upon a bond given to him, all that is required is a substantial breach of the condition (See *Dunbarton* v. *Pelfrey*, 27 N. H. 171; *O'Neil* v. *King*, 3 Jones [N. C.] L. 517; *Candler* v. *Trammell*, 7 Ired. [N. C.] 125).

*Horace Russell*, for respondents.—The United States District Court sitting in bankruptcy was a statutory court whose jurisdiction, procedure and powers were entirely governed and confined by the provisions of the act creating it.

It was absolutely without either equity or common law powers (DANIEL, J., in *Cary* v. *Curtis*, 3 How. 236; *United States* v. *Cultus Joe*, 15 Int. Rev. Rec. 57; *Scott* v. *The Young America*, 1 Newb. 101; *McIntyre* v. *Wood*, 7 Cranch 504; *Ex parte Cabrera*, 1 Wash. C. Ct. 232; *Wheaton* v. *Peters*, 8 Pet. 593; *Ex parte Bollman*, 4 Cranch 75). As to the authorities cited by counsel for plaintiff, on the trial, that the court had power to exact such a bond as this (*National Bank of Pittsburg* v. *Brady's Bend Iron Co.*, 5 Nat. Bankr. Reg. 491; *Re Holland*, 12 Nat. Bankr. Reg. 403; *Rosenbaum* v. *Garnett*, 3 Hughes 662; *Re Muller*, Deady 513), an examination of those cases shows that they do not tend to sustain the proposition. The United States District Court sitting in bankruptcy, therefore, had not jurisdiction to order a bond not contemplated in the statute which created the court and defined its jurisdiction (Bouvier Law Dict. tit. "Jurisdiction;" Burrill Law Dict. tit. "Jurisdiction;" *Re Norris*, 4 Nat. Bankr. Reg. 10). Whatever a court does or requires in excess of its jurisdiction is void, and all subsequent proceedings fall with the void act or order which gave them birth (See opinion of FIELD, J., in *Windsor* v., *McVeigh*, 93 U. S. 274, 282, 283; opinion of MILLER, J., in *Ex parte Lange*, 18 Wall. 163, 176–178; also *Bigelow* v. *Forrest*, 9 Wall. 339; *Day* v. *Micon*, 18 Wall. 156). Among the illustrations of this rule in the courts of New York are a large number of cases where bonds given to procure the release of vessels taken on attachment under the act of 1862 were held void, because the court was without jurisdiction to take such bonds (*Broakham* v. *Hamill*, 43 N. Y. 554; 54 Barb. 209; *Fralick* v. *Betts*, 13 Hun 634; *Murphy* v. *Salem*, 1 Hun 141; *Pool* v. *Kermit*, 59 N. Y. 554; *Vose* v. *Cockroft*, 44 N. Y. 514). Cases in Alabama, by the law of which state this case is to be determined, are to the same effect (*Wightman* v. *Karsnes*, 20 Ala. 446; *Forster* v. *Glazener*, 27 Ala. 391; *Grum* v. *Howell*, 27 Ala. 663).

Nothing was done by the judge as a condition for the order. The order was made that the petitioners file a bond to indemnify the alleged bankrupt for a past act lawfully

done under the lawful process of the court. When a case is one where a condition is proper, it must be imposed, if at all, when a process is vacated or issued; and a judge cannot, after issuing a process, recall it and require a bond (*Matter of Bradner*, 87 N. Y. 171).

In all the cases in which a bond has been held valid, because required by the order of a court, the court has been one possessing equitable power, and the bond has been required in the exercise of that power (*Decker* v. *Judson*, 16 N. Y. 439; see also *Ames* v. *Webber*, 10 Wend. 575; *Chandler* v. *Brecknell*, 4 Cowen 49; *Brown* v. *Murray*, 4 Dowl. & Ryl. 830; *Ford* v. *Townsend*, 1 Rob't 39); and in all the cases reported the bond was required as a condition of some action of the court then and there to be taken.

By the Revised Statutes of New York, and by the Code of Alabama, the validity of a common-law bond without consideration has been destroyed (2 R. S. 406 § 77; Ala. Code § 2981). But if it be assumed that the bond was a voluntary one, it was still without consideration, and, for that reason, void (*Wayne* v. *Sherwood*, 14 Hun 423; *Cadwell* v. *Colgate*, 7 Barb. 253; *Homan* v. *Brinckerhoff*, 1 Denio 184; *Webb* v. *Albertson*, 4 Barb. 51; *Benedict* v. *Bray*, 2 Cal. 251, approved in *Caffrey* v. *Dudgeon*, 38 Ind. 512; see cases cited in opinion of the court; also *Commonwealth* v. *Bassford*, 1 E. D. Smith 218; *Murphy* v. *Salem*, 1 Hun 141; *Fralick* v. *Betts*, 13 Hun 634; *Pool* v. *Kermit*, 59 N. Y. 554; *Vose* v. *Cockroft*, 44 N. Y. 415; *Broakham* v. *Hamill*, 43 N. Y. 554; 54 Barb. 209; *Byers* v. *State*, 20 Ind. 47; other cases are *Ancoin* v. *Guillot*, 10 La. Ann. 124; *United States* v. *Hipkin*, 2 Hall Amer. Law Jour. 80; *Ward* v. *Syme*, 8 N. Y. Leg. Obs. 95; *Rockwell* v. *McGovern*, 40 N. Y. Super. Ct. 118, aff'd 69 N. Y. 294). The rule in Alabama, as here, is that to render a bond, not good as a statutory bond, valid as a common law or voluntary bond, it is requisite that it should be supported by a consideration (*Alston* v. *Alston*, 34 Ala. 15; *Hester* v. *Keith*, 1 Ala. 316; *Gayle* v. *Martin*, 3 Ala. 593; *Whitsett* v. *Womack*, 8 Ala. 446;

*Williamson* v. *Wolf,* 37 Ala. 298; *Sprowl* v. *Lawrence,* 33 Ala. 675).

The fact that the marshal had taken possession of plaintiff's goods on the 16th of August, 1873, on a provisional warrant theretofore issued, did not constitute any legal consideration for the bond required on the 21st of August and given on the 4th of September, because the seizure was a past act done under lawful authority (*Day* v. *Bach,* 87 N. Y. 56; Metcalf on Contracts, 193; 2 Parsons on Contracts, 391; *Pritchard* v. *Norton,* 106 U. S. 124; *Chaffee* v. *Thomas,* 7 Cowen 358; *Farnsworth* v. *Clark,* 44 Barb. 601; *Frear* v. *Hardenburgh,* 5 Johns. 272; *Dearborn* v. *Bowman,* 3 Metc. 155; *Green* v. *First Parish,* 10 Pick. 499; and the following Alabama cases; *Shaw* v. *Boyd,* 1 Stew. & Port. 83; *Duncan* v. *Hall,* 9 Ala. 128; *Jackson* v. *Jackson,* 7 Ala. 791).

There was no moral obligation sufficient as a consideration even for an express promise (Metcalf on Contracts, 178; *Ingraham* v. *Gilbert,* 20 Barb. 151; *Smith* v. *Ware,* 13 Johns. 249, 257; *Mills* v. *Wyman,* 3 Pick. 207; *Cook* v. *Bradley,* 7 Conn. 57; and the following Alabama cases; *Keenan* v. *Holloway,* 16 Ala. 53; *Barron* v. *Vandvert,* 13 Ala. 232; *Vance* v. *Wells,* 6 Ala. 737; 8 Ala. 399).

LARREMORE, J.—[After stating the facts as above.]— The United States District Court, in relation to proceedings in bankruptcy, is a creature of the statute, without either equity or common law powers. It cannot transcend the jurisdiction of the written law which created it (*Ex parte Bollman,* 4 Cranch 75). The power and authority of the United States District Court, sitting as a court in bankruptcy, is limited and controlled by the bankrupt law of March 2d, 1867. It is a distinct and separate court, authorized by the statute to perform certain duties and exercise prerogatives within the limits of legislative enactment. Outside of such authority, any action on its part would be invalid.

As the order of the court in bankruptcy of August 21st,

1873, was not expressly authorized by the statute, it can only be sustained as an act of judicial discretion. Section 40 of the Bankrupt Act of 1867 provides for the issuance of a provisional warrant, and sections 41 and 42 define the proceedings under such warrant. No statutory authority is found which authorizes or requires the giving of a bond in such proceeding. The warrant should have been held or vacated upon the proofs submitted, and not continued upon a condition unauthorized by the statute.

The authorities upon which the appellant relies do not sustain the proposition of judicial discretion for which he contends.

In *The National Bank of Pittsburg* v. *The Brady's Bend Iron Co.* (5 Nat. Bankr. Reg. 491), it was decided that the court had a legal discretion as to appointment of a provisional assignee.

In *Re Holland* (12 Bankr. Reg. 403), the court held that while it had no authority to order the seizure of property from the possession of the person to whom the debtor had transferred it before the filing of the petition, it had the power under the act to enjoin the party in possession from disposing of the property.

In *Rosenbaum* v. *Garnett* (3 Hughes 662), in which goods had been released upon the giving of a bond, it was held that the goods were, in contemplation of law, in the custody of the court, and that it had the power to order the same or the value thereof to be brought into court upon the application of the parties to the bond. In this case the question of the validity of the bond was not raised, but was conceded by the application of its obligors.

It is now definitely presented, and this court is asked to decide if an order of a court purely statutory in character, and not expressly authorized, is within the line of judicial discretion. The warrant was issued August 16th, 1873, and was executed by the marshal on that day. If such process was issued in conformity with the statute, without requiring security, it is evident, in the absence of any statutory direction in this respect, that the defendants were

entitled to an adjudication of their rights upon the papers before the bankruptcy court without any exceptions or conditions not mentioned in the statute.

Having reached this conclusion, it is unnecessary to consider the question of a breach of the condition of the bond. It was not given by express direction of the statute, and was not within the limit of a judicial discretion that imports consideration.

I think the judgment appealed from should be affirmed.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Judgment affirmed.